13003

## KILGORE v. MURPH, COUNTY TREASURER

(155 S. E., 287)

*Messrs. Evans & Gailbraith,* for plaintiff.

*Messrs. Nichols, Wyche & Byrnes,* for defendant.

October 17, 1930.

The opinion of the Court was delivered by Mr. Justice Carter.

This action in the original jurisdiction of this Court, instituted for the purpose of having the Court construe an Act of the Legislature of South Carolina enacted and approved in March, 1930 (36 St. at Large, page 2052) which Act was passed for the purpose of exempting certain citizens of Spartanburg County, within the township named, from the payment of certain taxes under the conditions provided in the Act. Based on the verified petition his Honor, T. P. Cothran, Associate Justice, issued a rule in the cause directing the defendant Paul M. Murph, as county treasurer of Spartanburg County, to show cause why an order of this Court should not be issued requiring him to comply with the demands of the complaint, to which rule the said Paul M. Murph, as such county treasurer, duly made return.

In order to get a clear understanding of the contention of the parties we quote herewith the complaint and return in the rule and, also, the Act in question:

### COMPLAINT

"The complaint of the plaintiff would respectfully show to the Court:

"1. That Paul M. Murph is County Treasurer of Spartanburg County, South Carolina.

"2. That the plaintiff is a taxpayer of Woodruff Township, in Spartanburg County, and has suffered fifty per cent or more loss or crop damage from destructive hail storms of the summer of 1929 and did not make as much as fifty per cent of the crop made by him during the year 1928 or that was made on the same land in 1928.

"3. That plaintiff is the owner of one tract of land in Woodruff Township, containing 213 acres, 178 acres of which was in cultivation during the year 1929, the remainder being in pasture, woodland and uncultivated lands.

"4. That plaintiff is informed and believes that there are taxpayers in Cross Anchor, Woodruff, Reidville, Beech Springs and/or Campobello Townships in Spartanburg County, who own separate tracts of land on which crops were planted during the year 1929, and that some taxpayers suffered loss to personal property, buildings and timber, as well as crop damage, from the destructive hail storms of the summer of 1929.

"5. That on the 21st day of March, 1930 (36 St. at Large, page 2052) the General Assembly of the State of South Carolina passed an Act entitled "An Act to Exempt Certain Citizens of Cross Anchor, Woodruff, Reidville, Beech Springs and Campobello Townships in Spartanburg County, as Hail Storm Sufferers from Ordinary County Taxes for the Year 1929," copy of which Act is hereto attached, marked 'Exhibit A' and made a part of this complaint.

"6. That plaintiff and other taxpayers of Cross Anchor, Woodruff, Reidville, Beech Springs and Campobello Townships have filed affidavits required by the said Act of the General Assembly of the State of South Carolina, with the defendant, Paul M. Murph, as County Treasurer of Spartanburg County, South Carolina.

"7. That the defendant, Paul M. Murph, as County Treasurer of Spartanburg County, has failed and refused to remit and refund to said taxpayers ordinary county taxes for the year 1929, as required by the provisions of said Act,

upon the ground that he claims, and has been advised by the county attorneys, that the Act is ambiguous and that he does not know from the terms and provisions of the same, whether the intent and meaning of the Act is to require him to refund all ordinary county taxes on all the land owned by the taxpayer in said townships whether in cultivation or not, or whether the intent and meaning of the Act is to refund all ordinary county taxes only on that portion of land in cultivation, where the loss from the hail storms occurred and that on account of said ambiguity in said Act, the said defendant, Paul M. Murph, as County Treasurer of Spartanburg County, does not know what the taxpayer is entitled to have refunded to him under the provision of said Act and has refused, upon the advice of the county attorneys, to refund any amount until the Act is construed and interpreted by the Courts of South Carolina.

"8. That plaintiff is informed and believes that the said Act requires the county treasurer to refund all ordinary county taxes on the land where the loss from hail storms occurred in the summer of 1929, whether all of said land was in cultivation or not, and that in determining whether or not the said person had a fifty per cent loss, that loss to woods, fruit trees, pasture, fences, houses, cattle and personal property, by the hail storms of the summer of 1929, should be included, and that it was the intention of the Legislature to refund all ordinary county taxes on the entire tract of land instead of only that part in cultivation during the year 1929.

"9. That plaintiff has no adequate remedy at law and the public interests are involved in an interpretation of said Act and in order to prevent confusion in the governmental affairs of Spartanburg County, plaintiff asks the Supreme Court to assume jurisdiction of this cause in order that an early determination of the matters involved therein should be had.

"Wherefore plaintiff prays that this Court issue a Rule to Show Cause, citing and requiring the defendant, Paul M. Murph, as County Treasurer of Spartanburg County, to show cause before this Court why an order should not be issued requiring him upon the presentation to him of an affidavit required by the said Act, to refund to each taxpayer of Cross Anchor, Woodruff, Reidville, Beech Springs and Campobello Townships, in Spartanburg County, all ordinary county taxes for the year 1929 on the entire tract of land where loss from the hail storms of the summer of 1929 occurred, where said persons have suffered fifty per cent or more, loss or crop damage from the destructive hail storms of the summer of 1929, where such persons failed to make as much as fifty per cent of the crop made by such persons during the year 1928, or that was made on the same land in 1928."

"An Act to Exempt Certain Citizens of Cross Anchor, Woodruff, Reidville, Beech Springs and Campobello Townships in Spartanburg County, as Hail Storm Sufferers from Ordinary County Taxes for the Year 1929.

"Section 1. Be it enacted by the General Assembly of the State of South Carolina: That the County Treasurer of Spartanburg County is hereby authorized and empowered to remit and refund to the taxpayers of Cross Anchor, Woodruff, Reidville, Beech Springs and Campobello Townships in Spartanburg County, all ordinary county taxes for the year 1929, where said persons have suffered fifty (50%) per cent or more loss or crop damage from the destructive hail storms of the Summer of 1929: *Provided,* That no exemption from taxation shall be granted to any such person within said townships who shall make as much as fifty (50%) per cent of the crop made by such person during the year 1928 or that was made on the same land in 1928: *Provided, further,* No taxes shall be refunded other than the taxes on the identical land where the loss from hail storms occurred.

"§ 2. Every person claiming exemption from said taxes shall present to the County Treasurer an affidavit in which is set forth the damages incurred as mentioned and described in Section 1, which affidavit shall be duly attested by D. B. Irby, I. W. Gray and A. B. Pearson, and upon presentation of such affidavit duly attested, the County Treasurer is directed to remit all County taxes: *Provided,* That this exemption shall not include any State taxes. The County Treasurer shall take a receipt therefor and the receipt shall state only the purpose for which it was given which shall constitute his proper voucher, and the Comptroller General is hereby authorized and required to approve and allow same in his annual settlement.

"§ 3. That any person receiving any money under the provisions of this Act by reason of any false statement contained in any such affidavits herein required, shall be tried as for obtaining money by false pretenses, subject upon conviction to like penalty.

"§ 4. The County Treasurer be, and he is hereby required to furnish upon demand to the Foreman of the Grand Jury all affidavits making claims under the provisions of this Act for the remittance or return of taxes with statements of the amount of such taxes for the purpose of investigation by the Grand Jury.

"§ 5. That the County Commissioners of Spartanburg County are hereby authorized and directed to borrow, if necessary, an amount of money equivalent to the amounts herein exempted and remitted, to be apportioned by the County Treasurer, as would otherwise have been apportioned by him for the same purposes or pay same from Contingent Fund or any other fund not otherwise appropriated.

"§ 6. All Acts or parts of Acts inconsistent herewith are hereby repealed.

"§ 7. This Act shall take effect immediately upon its approval by the Governor."

## Answer and Return

"The defendant, Paul M. Murph, as County Treasurer of Spartanburg County, by way of answer and return to the rule to show cause issued by Honorable T. P. Cothran, Associate Justice of the Supreme Court, in the above cause, would respectfully show to the Court:

"1. The defendant admits all the allegations of the complaint except paragraph eight.

"2. That as to paragraph eight of the complaint, the defendant alleges that the provisions of the Act are ambiguous and the intention of the law makers uncertain as to whether or not ordinary county taxes should be refunded on the entire tract of land instead of only on that part in cultivation in the year 1929 for the Act provides:

" 'Where said persons have suffered fifty (50%) per cent. or more *loss* or crop damage from the destructive hail storms of the summer of 1929: *Provided,* That no exemption from taxation shall be granted to any such person within said townships who shall make as much as fifty (50%) per cent. of the crop made by such person during the year 1928 or that was made on the same land in 1928: *Provided further,* No taxes shall be refunded other than the taxes on the *identical land where* the loss from hail storms occurred.' " (Section 1).

"3. That the defendant does not know what taxes to refund in a case where a person had a tract of land containing Three Hundred (300) acres, One Hundred (100) of which was in cultivation and the balance in woods, pasture lands or orchards, whether to refund the taxes only on the acreage in cultivation or the taxes on the entire tract of land.

"4. That the defendant does not know in a case where a person has separate tracts of land, not adjoining, and suffers more than fifty per cent. crop damage whether he should refund the taxes on both tracts or only on the tract where the damage occurred.

"5. That the defendant does not know in a case where a man had fifty per cent. of his woods destroyed by the hail storms, whether he should refund all ordinary county taxes on the entire tract or only on that portion in woods.

"6. That the defendant does not know in a case where a man had poultry, hogs and cattle damaged by the hail storms and little or no crop damage, on what land the taxes should be refunded.

"7. That defendant does not know in estimating fifty per cent. of the damages, whether to include damage to other property than crops.

"8. That the defendant construes ordinary county taxes to mean the twenty-six-mill levy, levied for ordinary county purposes.

"9. That the General Assembly of the State of South Carolina in the Appropriation Bill for 1930, appropriated the sum of Fifteen Hundred Dollars for the hail sufferers in Spartanburg County, and this defendant does not know what disposition to make of this appropriation by the State of South Carolina, or how to divide it amongst the hail sufferers in the described area.

"10. That this defendant joins in the petition that the Court construe the provisions of the Act so that he can refund to the taxpayers the ordinary county taxes required by the provisions of the Act as construed by the Court.

"Wherefore this defendant prays that this return be adjudged sufficient and for such other and further relief as may be just and equitable."

It will be observed that in the return to the rule the defendant admits all of the allegations of the complaint, except the allegations contained in paragraph 8 thereof. The defendant bases his denial of paragraph 8 of the complaint upon the ground that the provisions of the "Act are ambiguous and the intention of the lawmakers uncertain as to whether or not ordinary county taxes should be refunded on the entire tract of land instead of only on

that part in cultivation in the year 1929." The provision of the Act pertinent to this question reads as follows: "Where said persons have suffered fifty (50%) per cent. or more loss or crop damage from the destructive hail storms of the summer of 1929: *Provided,* that no exemption from taxation shall be granted to any such person within said townships who shall make as much as fifty (50%) per cent. of the crop made by such person during the year 1928 or that was made on the same land in 1928: *Provided further,* No taxes shall be refunded other than the taxes on the identical land where the loss from hail storms occurred." (Section 1).

In this connection the defendant, in his return, states: "That the defendant does not know what taxes to refund in a case where a person had a tract of land containing Three Hundred (300) acres, One Hundred (100) of which was in cultivation and the balance in woods, pasture lands or orchards, whether to refund the taxes only on the acreage in cultivation or the taxes on the entire tract of the land."

In our opinion the language, "on the identical land where the loss from hail storms occurred," contained in the Act, should be construed to mean the entire tract of land in question; that when the conditions of the Act are met, the citizens the Act was intended to exempt should be entitled to a refund of the taxes on the entire tract of land on which the crops in question were planted and not be limited to a refund of the taxes on the particular field or acreage acually cultivated. It should include his entire tract of land where the loss to his crops occurred. Under our view, this construction is necessary in order to give force and effect to the Act.

It would not be feasible to separate the taxes on the land in cultivation from the taxes on the land not in cultivation on the same tract of land, whether the land not in cultivation should be woodland or idle open fields. Especially is this true under the present method in this state of making return of property for taxation.

In his return to the rule the defendant assigns as another

reason for not making the refund to the plaintiff asked for: "That the defendant does not know in a case where a person has separate tracts of land, not adjoining and suffers more than fifty per cent. crop damage, whether he should refund the taxes on both tracts or only on the tract where the damage occurred."

Under our construction, we think it clear that the intention of the Legislaure was, in such case, to allow a refund only on the tract where the damage occurred.

As to the questions raised concerning a refund of taxes on account of damage to property other than crops, it is our opinion that in the passage of this Act, the Legislature had in mind damage to crops only, and that the Act should not be construed to include damage to other property than crops.

We desire to further state that we construe the Act to mean that the defendant, as Treasurer of Spartanburg County, is authorized to remit and refund to the persons included in the Act taxes levied for the year 1929 for ordinary county purposes only.

It is therefore ordered that the defendant, Paul M. Murph, as County Treasurer of Spartanburg County, remit and refund to the plaintiff, S. M. Kilgore, and to the other persons in whose behalf this action was brought, the taxes authorized to be remitted and refunded to them under the Act in question in this action, as construed herein, upon complying with the conditions and provisions set out in said Act.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER, and MR. ACTING ASSOCIATE JUSTICE GRAYDON concur.